The next case for argument this morning is Doe v. Madison School District. Mr. Herman. Good morning. May it please the Court, my name is Jeff Herman from Herman Law on behalf of Appellant. Schoolgirls have the right not to be touched. We are not suggesting that all touching would be inappropriate or constitute sexual harassment. Counsel, let me tell you what my basic problem is with your presentation. There is no federal rule against sexual harassment. There is a requirement under federal law that school districts not discriminate on account of sex in providing educational benefits. So the critical question, the Supreme Court said, is whether there has been discrimination in providing educational benefits. It's not just enough to say that A, harass B. We need to inquire whether there's a problem with the delivery of educational benefits. And I wish you would address how the record speaks to that question. Well, the answer to that question, Judge, is that, and the way Gebser and the Supreme Court analyzed this issue under Title IX, is that if there is sexual harassment by an employee on a student, then the very nature of the fact that there's sexual harassment is an interference with the... That's not what the Justice has said. Well... I wish you would address the question I asked. When a child is in a school and they are being sexually harassed, that violates Title IX in the sense that they are being denied an education that is free from discrimination. Would you address the question I asked? You can take the view that it's just irrelevant, that all you need to do is point to sexual harassment and there's no need to inquire into the adequacy of the education, whether Doe was having educational problems in seventh grade. You can take that view, but, of course, you have to understand that I'm telling you that that's not the right question. If you have any evidence on the question I've posed, I wish you would flag it. It would help me. It would help me help you. Well, here's a disconnect I think the Court's having, and with all due respect, Judge, I think you have it wrong. That's fine. You can take that position, but I wish you would address my question. Well, I'm trying to. Even if you think I'm wrong. Okay. I'm going to try to make the connection because I think the connection is that you're asking is how is a child, a student's education, being disrupted by the sexual harassment? Just because there's sexual harassment, you're saying you still have to show that their education is being disrupted. Is that your question? Well, sorry. Well, let me answer that. And the answer is that when a student is being sexually harassed, that denies... I'm asking about the record in this case, not questions of abstract theory. I'm asking what the record shows about the quality of the education Doe was receiving in seventh grade. Okay. So the answer to that is that there was Willie Collins was sexually harassing not just Jane Doe, but other female students. And that the very nature... That is not addressing my question. Because there is nothing in the record that is going to say directly on point that because on the record that shows that her education was being... Well, let me take that back. The answer is that when a girl is being raped and sexually assaulted and taken out of classes... Not during eighth grade. Yes. So that's why I'm asking the question I'm asking. And the seventh grade violation is the sexual harassment that was taking place by Willie Collins walking up to girls who are having their lunch, sitting at the cafeteria. And he walks up, he puts his arms on their shoulders, and he begins to rub them. That disrupts their education. They have the right to have lunch in the school without being touched. Look, is there any evidence that it harmed their education? You might have an a priori belief about that. But the question is whether the record supports that evidence. Well, let me cite to the Seventh Circuit on this issue. Look, I'm done. The Seventh Circuit is not evidence. I am asking about the record in this case. If there is no evidence in the record of this case, you can say that. If there is evidence in the record of this case, please, you know, I'm trying to get the information to decide this as best I can. If there is evidence in the record of this case, now is the time to call it to our attention. Okay. So the evidence that I'm going to show this court is the evidence of the sexual harassment. The purpose of citing to the Seventh Circuit is to show that the Seventh Circuit has said when students are being sexually harassed in that way, that leads to an interference in their education and violates Title IX. So we have to start with what is a sexual harassment notice under Title IX? That's the inappropriate hugging in seventh grade. That's the touching. And I want to run through the record on those facts. But the reason I cite the Seventh Circuit is because the Seventh Circuit has said in the Mary M. case versus North Lawrence, that the damage caused by sexual harassment is arguably greater in the classroom than the workplace, because the harassment has a greater and a longer-lasting impact on younger victims and institutionalized sexual harassment on accepted behavior. And so the very nature of a student being sexually harassed is interfering with their right to an education and impacts their education. It sets them up for lifelong damages. And that's what the Seventh Circuit said. So we have to go back to, under Gebser, was there notice under Title IX of sexual harassment before this girl was sexually abused by Willie Collins? And the record on that is that Willie Collins was rubbing shoulders, he was picking up girls in the hallway, giving them bare hugs, lifting them off the ground, full frontal hugs where he's rubbing his body against 11- and 12-year-old girls. He had his hand on a girl's buttocks, grabbing a girl from the neck from behind the water fountain and pulling her back, straddling a girl from behind, tickling a girl under her arm behind her breasts, and girls hanging all over him. You are not the lawyer for other children. You're the lawyer for Jane Doe No. 55. We need to figure out what happened to Jane Doe No. 55. That would be the incorrect standard because when it's an employee... You can stake everything. You can stake your client's case on the position that you don't have to show anything about what happened to your client. But that's, well, let's just say that's a risky legal strategy. Okay, well, I will show both. But Gebser says if there's notice to the school, an appropriate person, that a teacher or an employee is sexually harassing students and the school does not respond to that, then there may be liability under Title IX if a student, even another student, is sexually assaulted. But the answer in terms of Jane Doe is yes, Jane Doe was subject to the shoulder rubs that I described. Jane Doe was subject to being picked up and being hugged. Jane Doe kissed Willie Collins. Willie Collins was constantly, and it was known to the principal, touching Jane Doe. Are you saying that's part of a grooming process? It is part of the grooming process, but it would not be enough if it were words and things that we would say is grooming and red flags that did not constitute sexual harassment under Title IX. Title IX requires there actually be notice of sexual harassment. We have that with Jane Doe. The same sort of things that I described that Willie Collins was doing to other seventh grade girls, he was doing to Jane Doe. But wasn't he also doing that to seventh grade boys, too? Wasn't he hugging seventh grade boys and doing, I mean, as far as the principal was concerned, as far as kind of what, as far as she knew? Right. Well, the principal said that. It's not borne out by the evidence in the case. In fact, there's a video that I urged the court to review, which was taken. It's an 11-day. But is there anything in the record that says that the principal had notice of the video? Yes. Well, not the video per se, but what's taking place in the video. So the record- About what specifically the video depicts? Yeah. So there's no dispute in the record, it's paragraph 180 of the record, that the video depicts the type of hugging that Willie Collins- Not the type of hugging. I'm wondering whether the principal actually had notice of the specific events that were depicted in the video. Right. So we have to draw an inference to show that Principal Patak was aware of the type of hugging on the video. And the way we do that is that- But you can see that the principal didn't have knowledge of the specific facts that are depicted in the video. Correct. Correct. So the way we get there is that it's an undisputed fact that the video represents the type, level, and frequency of the physical interaction between Willie Collins and the students. That's an undisputed fact. Paragraph 3- I'm sorry, paragraph 6, page 83 of the record says, Principal Patak saw the Collins regularly hugging students. She regularly saw this kind of behavior. There's no evidence that this behavior- In fact, that record is that this is the same kind of behavior that was taking place throughout the school year. Now, defendants would disagree with our interpretation of the type of hugging. They don't- defendants disagree that when his hand's going down, he's touching the buttocks. These are all questions of fact for the jury. And so- and I want to go back, Your Honor, to your important question. Thank you. Thank you very much, Counsel. I'd like to ask a question before we go because your time is up. And I see along a big distinction between 7th and 8th grade because they go along talking about her academic achievements and complaints, but under the facts that the print put before us in the 8th grade, she had substantial improvement. And she- now, you can contest that, but they were talking about she had a better attitude, her grades were better, she seemed happier and everything else, and now we know that's when the really disgusting behavior occurred. And here's a critical point that I think answers Your Honor's question. Education is more than grades. Education is where kids grow up and they learn how to become adults. You can't say her education is not interfered with because she's getting grade A's if she's being raped. Yeah, but what was the notice of what's going on in 8th grade? Well, the notice was- the notice comes from the hugging in 7th grade. And the fact that no action was taken allowed Willie Collins to then take her out of classes in 8th grade and sexually assault her because the principal never told the 8th grade teachers about this concern about Willie Collins hugging and touching this little girl. So- and the little girl and Willie Collins decided to let's keep it secret and he was taking her out of class and he was sexually assaulting her. But the notice of sexual harassment comes from 7th grade. Thank you, counsel. Thank you. Ms. Van Horn. May it please the court, my name is Peggy Van Horn and I'm representing the appellee, Madison Metropolitan School District. We urge the court to affirm the district court's granting of summary judgment on the basis that no reasonable jury could find that the school district had actual notice of sexual discrimination that rises to the Title IX level. The Title IX, as this court is aware, arises from Congress' authority under the spending clause. And essentially Title IX is a contract between the federal government and public schools. If we're going to give you federal money, you have to promise not to discriminate. That is what gives the basis for the importance of the Gebser sort of elements of actual notice of sexual discrimination and the right to try to remedy that before they can be found liable for money damages. Now, there's sort of a couple issues that were discussed at the district court level. And the first was actual knowledge of what. And it's our position, and I think the case law that I've cited in our briefs, is that you have to have actual notice of sexual discrimination, not adequate notice of a risk of sexual discrimination or something less. Was Willie Collins' activity, hugging and doing this, is this, I don't want to use a stupid word, open and obvious, but apparently this was pervasive. That was Willie. And not particularly commendable, but he seemed to be busy with a lot of young students, some male even, and that's what I'm sort of curious about. I assume everybody noticed that. And that is true. And so he basically, if it was really that bad, he should have been fired on the spot, except that he wasn't. He was tolerated. Kids seemed to be joking and having fun and whatever. And Willie was accepted, obviously, and that's my concern, what he did when he got to the eighth grade. And for whatever reason, strange, but the teacher's observations were that she was much better off in the eighth grade. Now, is that what you understand the record to be? That's my understanding. I mean, the hugging that was done was all in public areas. He was a security guard, and that's where he was in the halls most of the time. And the hugging that occurred, as set forth in the record, was mostly kids hugging him. Are there occasions where he would initiate a hug? There are. But according to Patak, she was not aware of Collins. And Patak is the principal. She was not aware of Collins initiating hugs with anyone other than his own daughter. But she was aware of him initiating these shoulder rubs to both boys and girls, brief ones, in the cafeteria during the lunchtime. You say his own daughter, did you say? Yes. He had a child? At the school. What grade was she in when all this was going on? I think his daughter was out of the school by the time Jane Doe was in seventh and eighth grade. She was a couple years ahead of her. Yes, that's my understanding. And Jane Doe first was introduced to Collins because Collins' niece was in her grade and was a friend. So that's how there was a group of girls that became friendly with Collins through the niece. Through the niece. Through the niece. And she's the one that, I guess, Jane Doe revealed the real problem, right? No. That's the wrong niece? That was Jane Doe revealed it to Jane Doe's cousin, not to Collins' niece. It was Collins' niece that. Oh, I'm sorry. I was confused. It was her cousin that she talked to. Who did she first tell what happened when she was a freshman in high school? Jane Doe told Jane Doe's cousin. Okay. Right. Yeah, right. All right. So this appeal came here primarily on not, I think the appellants would agree, the Does agree that the knowledge standard for seventh grade has to be actual knowledge of sexual discrimination. And what we have here is kids primarily initiating the hugs with Willie Collins. And I know that the Does have raised the issue that children cannot consent to sexual conduct. But that's not the issue here. The hugs in and of themselves are not necessarily sexual. And we're not saying that welcomeness is an element. What I'm saying is that when you look at the totality of the circumstances, the issue is what did Patak know. So what she knows is based on what she hears and what she sees. So when she's looking and she's seeing this public hugging that's happening and she's seeing all these kids, boys and girls, hugging Collins, when she sees that they're initiating it, that's a concept to her that it's less likely to be sexual harassment because they seem happy to see them and it's many different children. So I don't think it's an issue of welcomeness under the Mary M. case. I think it's a factor to consider in looking at the totality of the circumstances as to whether Patak had actual knowledge of sexual harassment. The second, as far as the actual notice standard, is that the does allege that the district court used the wrong standard as to the severity standard. And the severity standard that the district court used was knowledge of sexual harassment that is so severe, pervasive, objectively offensive, that it is said to deprive the victim of access to the educational benefits provided by the school. And that standard existed before Gebser in the Mary M. case and was not altered by Gebser. And particularly the Title IX in the language says that no one can be subject to discrimination under any educational program or activity. When you look at the Davis case, which is where this standard came from, they discuss the fact that the language under any educational program essentially means that the behavior must be serious enough to have a systemic effect in denying the victim equal access to the educational program. So it's the statute and the language under any educational program that sets forth the standard that the district court used. And it's not limited to student-on-student sexual harassment. It's for all funding recipients. And the Davis case, at multiple points throughout the case, references the fact that the standard that was used in this case does apply to student-on-student sexual harassment claims and employee-on-student sexual harassment claims. On page 649 of the Davis case, the Supreme Court notes that the level of discrimination actionable under the statute. The level of discrimination actionable under the statute. In and of itself, that language is showing that there is a level of sexual discrimination that must be met before there can be an actionable Title IX claim. And that's the standard that the Davis court used, and that's the standard that applies to employee-student and student-student sexual harassment claims. And then my time is up. A few seconds. When it goes red, you're done. We didn't talk about it. It's a deliberate indifference issue. Patak didn't do nothing. She did do something. What is necessary to avoid deliberate indifference depends on what knowledge they have. And it goes back. Patak only knew what she saw and what was reported to her of the hugging mostly initiated by students, the shoulder rubs that were brief to boys and girls in the cafeteria. Therefore, her response of talking to Collins, reminding him about boundary issues, is not clearly unreasonable given the information that she had available to her during the 7th grade year. Thank you, Ms. VanVoore. The case is taken under advisement.